1

2

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| Kenneth Brown, | Case No. 2:25-cv-00545-CDS-EJY |
| Plaintiff | **Order Adopting Magistrate Judge's Report and Recommendation** |
| v. | |
| Robson Houser, | [ECF No. 4] |
| Defendant | |

3

4

5

6

7

8

9   Plaintiff Kenneth Brown brings this civil-rights action under 42 U.S.C. § 1983 alleging

10  that his constitutional rights were violated by his attorney, Robson Houser. Compl., ECF No. 1-1.

11  Brown filed an unsigned complaint to initiate this action and failed to submit an application to

12  proceed *in forma pauperis* (IFP) or, in the alternative, pay the civil case filing fee. United States

13  Magistrate Judge Elayna Youchah ordered Brown to (1) file a signed amended complaint, and

14  either (2) pay the $405 filing fee or complete an IFP application. Order, ECF No. 3. After the May

15  9, 2025 deadline expired without Brown complying with the order or otherwise responding, Judge

16  Youchah issued a report and recommendation (R&R) that this case be dismissed without

17  prejudice for failure to comply with the court's orders. R&R, ECF No. 4. Brown had until May 27,

18  2025,[1] to file any specific, written objections to the magistrate judge's R&R. *Id.* (citing Local Rule

19  IB 3-2 (stating that parties wishing to object to the findings and recommendations must file

20  specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). Two

21  weeks have passed, and Brown has not objected to the recommendation of dismissal.

22  The law is clear that "no review is required of a magistrate judge's report and

23  recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz.

24  2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

25

26  [1] The R&R was filed on May 12, 2025, thereby making the deadline for objections May 26, 2025, a legal holiday. Under Rule 6(a), the period expires on Tuesday. *See* Fed. R. Civ. P. 6(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

(9th Cir. 2003). Although de novo review is not required, I nonetheless make an independent review here. Indeed, Brown's complaint is unsigned. Under Rule 11 of the Federal Rules of Civil Procedure, a plaintiff who is not represented by counsel is required to sign his complaint. Fed. R. Civ. P. 11(a). Moreover, federal law requires a party initiating a civil lawsuit to pay a filing fee and an administrative fee. 28 U.S.C. §§ 1914(a), (b). However, if a plaintiff is unable to pay such fees, 28 U.S.C. § 1915 allows a district court to authorize the commencement of a civil action through an IFP application. 28 U.S.C. § 1915(a)(1). A review of the record demonstrates that—despite an opportunity to do so—Brown did not file a properly signed amended complaint or submit an IFP application or pay the civil filing fee.

## I.    Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Brown's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or

1 prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—

2 the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors

3 favoring dismissal.

4        The fifth factor requires me to consider whether less drastic alternatives can be used to

5 correct the party's failure that brought about the need to consider dismissal. *See Yourish v. Cal.*

6 *Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives

7 *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*,

8 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal

9 before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v.*

10 *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Under these circumstances, I am not convinced that a

11 less strict sanction other than dismissal would be effective. Rule 11 provides that "[t]he court must

12 strike an unsigned paper unless the omission is promptly corrected after being called to the [ ]

13 party's attention." *Id.* Brown has neglected to cure the defect of the missing signature therefore the

14 complaint must be stricken, and his claims cannot proceed. Because Brown willfully failed to

15 comply with two court orders—and there is no operative complaint—I find that the factors weigh

16 in favor of dismissal and therefore accept the R&R in full.

17 **II.    Conclusion**

18        IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF**

19 **No. 4] is accepted and adopted in its entirety**.

20        IT IS FURTHER ORDERED that the unsigned complaint **[ECF No. 1-1] is stricken**.

21        This action is dismissed without prejudice based on Brown's failure to comply with the

22 court's April 9, 2025 order. The Clerk of Court is directed to enter judgment accordingly, and to

23 close this case.

24        Dated: June 12, 2025

25 _____

26 Cristina D. Silva
United States District Judge